## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **CHRISTIE MATERNI** | |
| **Plaintiff** | |
| vs. | Case No. |
| **CCL LABEL, INC.** | Judge |
| 161 Worcester Road; Suite 502 | |
| Framingham, MA 01701 | **Complaint for** |
| | **Copyright Infringement,** |
| **Defendant** | **Unfair Competition and** |
| | **Unjust Enrichment** |

Now comes Plaintiff, Christie Materni, by and through counsel, and for her complaint against the Defendant, CCL Label, Inc., hereby states as follows:

### THE PARTIES

1. Plaintiff, Christie Materni, is an individual doing business in Toledo, Ohio under the name **Christie Materni Photography** and under the name **Materni Media**.

2. On information and belief, Defendant, CCL Label, Inc. is a corporation formed under the laws of the Commonwealth of Massachusetts and has a principal place of business at 161 Worcester Road; Suite 502, Framingham, MA 01701.

3. On information and belief, Defendant has a regular and established place of business at 17700 Foltz Parkway, Strongsville, Ohio 44149-5536.

4.      On information and belief, Defendant is doing business in Ohio under various trade names including CCL Design, and under various fictitious names including CCL LABEL ECLIPSE FILMS and CCL Design.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction of this case because it is an action for copyright infringement under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* This Court has supplemental jurisdiction over Plaintiff's common law claims pursuant to 28 U.S.C. §1367.

6.      Jurisdiction and Venue in this court are proper because the Defendant has a regular and established place of business within this District, and does business in this District.

## BACKGROUND FACTS

7.      The United States Copyright Office duly issued to Plaintiff a Certificate Copyright Registration No. VAu 1-156-897 dated November 9, 2013. A copy of the Certificate of Registration (Certificate) is attached to this complaint as Exhibit 1.

8.      The Certificate issued for several of Plaintiff's works of the visual arts, namely, photographs, including photographs designated in the Certificate as "car", "IMG 3764", "IMG 3769", and "IMG 3790" (Copyrighted Works). Copies of these photographs are attached to this complaint in a composite Exhibit 2.

9.      Plaintiff uploaded digital images of the Copyrighted Works (Images) to a gallery on her web site. Access to the images on the web site required express acknowledgement of the following terms:

> "Client has purchased a "limited" print release to images contained on CD/flash drive, or digital download.  Client has permission from photographer to copy, enlarge, upload to web, and/or print these images. Client may not edit or alter images in any manor other

then to crop when nessecary for printing. Client may not allow any other person to edit or alter images in an manor. This includes, but is not limited to, cropping for any purpose other then to print, changing image to black and white, add any filters from any software or application, etc. Client my only use images for personal use and my not use images in anyway to advertise, endorse, or promote any other photographer or business. Client also may not sell whole or part of any image, print, or digital file. Client also agrees that photographer will retain the right to copy or reproduce and/or upload these images for any business or advertising purpose, including (but not limited to) brochures, newspaper ads, websites and portfolios. Client also agrees that Materni Media retains full copyright to these images."

10. Plaintiff provided non-party Sarah Burgess with access to the gallery containing the Images. Ms. Burgess is pictured in IMG 3764, IMG 3769, and IMG 3790.

11. Shortly after Ms. Burgess was given access to the gallery containing the Images, the Defendant displayed one of the Images (IMG 3764) on the home page of its web site (nano-fusionppf.com/) and displayed all four of the Images on another page on its web site (nano-fusionppf.com/author/ts_admin). Screen shots of these pages on the Defendant's web site are attached to this complaint as composite Exhibit 3.

12. Shortly after the Defendant posted the Images on its web site, the Defendant attended the 2013 annual SEMA Show in Las Vegas, Nevada. The 2013 SEMA Show drew more than 60,000 domestic and international buyers.

13. The Defendant had a booth at the 2013 SEMA show and, at that booth, the Defendant displayed an enlargement of photograph IMG 3769 (Enlargement). It was at least six feet tall and six feet wide. On the Enlargement was the Defendant's registered trademark Nano-Fusion® above the words Paint Protection Film. The Defendant's fictitious name, CCL Design, was also on the enlargement above the words "your global partner." The Enlargement did not identify Plaintiff as the photographer, did not identify Plaintiff as the copyright owner, and did not attribute the work to Plaintiff. A screen shot from Ms. Burgess' Facebook page showing the

Enlargement at the Defendant's 2013 SEMA Show booth is attached to this complaint as Exhibit 4.

14. The Defendant never sought nor received permission from Plaintiff to copy or display her Copyrighted Works.

15. The Defendant has infringed Plaintiff's copyright by copying and displaying her Copyrighted Works, as aforesaid.

16. After the 2013 SEMA Show, Plaintiff repeatedly offered to the Defendant a retroactive license to extinguish its infringement, but the Defendant declined each offer.

## COUNT ONE
## COPYRIGHT INFRINGEMENT

17. Plaintiff restates the allegations contained in paragraphs 1 through 16 as if fully rewritten here.

18. The Copyrighted Works are photographs which contain material that is wholly original with Plaintiff and they are protected by copyright under the Copyright Act.

19. Plaintiff owns all right, title and interest, including copyright, in and to the Copyrighted Works.

20. The Defendant copied, distributed, and displayed the Copyrighted Works thereby infringing Plaintiff's rights, including copyright, in and to the Copyrighted Works.

21. The Defendant infringed Plaintiff's copyright willfully and deliberately.

22. The Defendant is liable to Plaintiff for actual damages, including the profit the Defendant made from the infringement and the licensing fees that were not paid to Plaintiff.

23. Alternatively, the Defendant is liable to Plaintiff for statutory damages under 17 U.S.C. § 504(c).

24.     The Defendant is liable to Plaintiff for her reasonable attorney's fees and costs incurred in this action.

25.     Plaintiff is entitled to preliminary and permanent injunctions pursuant to 17 U.S.C. § 502 prohibiting the Defendant from infringing her copyrights including, but not limited to, an injunction prohibiting the Defendant from any and all further copying, distribution, and display of copies of the Copyrighted Works and of any derivative works based thereon.

## COUNT TWO
## UNFAIR COMPETITION 15 U.S.C. § 1125

26.     Plaintiff restates the allegations contained in paragraphs 1 through 25 as if fully rewritten here.

27.     The Defendant's use and display of Plaintiff's Copyrighted Works constitute acts of unfair competition in violation of 15 U.S.C. §1125.

28.     The Defendant displayed Plaintiff's Copyrighted Works without identifying the Plaintiff as the author thereof, thereby falsely leading the public to believe that Plaintiff is not the source of the Copyrighted Works and that they do not originate from Plaintiff.

29.     The enlarged photograph IMG 3764 displayed by the Defendant at its booth at the 2013 SEMA Show bore legends including the Defendant's registered trademark and one of the fictitious names by which the Defendant is known, thereby falsely leading the public to believe that the Defendant, and not Plaintiff is the source of the Copyrighted Works.

30.     These acts constitute violations of 15 U.SC. §1125 and they were committed by the Defendant intentionally, willfully, maliciously, and fraudulently, and the Defendant has acted in bad faith.

31. As a result, Plaintiff has suffered damages and is entitled to compensation as a result of the Defendant's willful and intentional misrepresentations as to the source of Plaintiff's Copyrighted Works.

32. The Defendant is liable to Plaintiff for all profits earned by the Defendant as a result of its unfair competition described above.

## COUNT THREE
## UNJUST ENRICHMENT

33. Plaintiff restates the allegations contained in paragraphs 1 through 22 as if fully rewritten here.

34. The Defendant has been unjustly enriched as a result of the benefits it procured through its unlawful, willful, and deliberate misappropriation and use of Plaintiff's property.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

    A.     For actual damages pursuant to 17 U.S.C. § 504(b);

    B.     For disgorgement of Defendant's profits pursuant to 17 U.S.C. § 504(b), in an amount to be determined at trial;

    C.     For an award of statutory damages pursuant to 17 U.S.C. § 504(c), enhanced for willfulness, in an amount to be determined at trial;

    D.     For her reasonable attorney's fees incurred herein;

    E.     For preliminary and permanent injunctions pursuant to 17 U.S.C. § 502 prohibiting the Defendant from infringing Plaintiff's rights in the Copyrighted Works including, but not limited to, an injunction prohibiting the Defendant from using, distributing, and displaying copies of Plaintiff's Copyrighted Works and any derivative works based thereon;

    F.     For Plaintiff's costs incurred herein;

    G.     For an award of prejudgment interest on the amount of all damages and attorney fees due to Plaintiff; and

    H.     For such other and further relief this Court deems just and equitable.

Respectfully submitted,

/s/ David C. Purdue

David C. Purdue (Ohio 0001977)
PURDUE LAW OFFICES, LLC
2735 N Holland-Sylvania Rd, Ste B-2
Toledo, OH 43615
Telephone: (419) 531-0599
Facsimile: (419) 531-0362
E-mail: dpurdue@purdue-law.com
Attorney for Plaintiff Christie Materni

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

/s/ David C. Purdue

David C. Purdue
Attorney for Plaintiff Christie Materni